**Raymond W. FOULKE, Jr., et al.**

v.

**BETHLEHEM 1980 SALARIED PENSION PLAN, et al.**

Civ. A. No. 82–5160.

United States District Court,
E.D. Pennsylvania.

April 12, 1983.

Steven A. Bergstein, Allentown, Pa., Richard J. Marco, Medina, Ohio, for plaintiffs.

Dona S. Kahn, Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Complaining that he was improperly denied a lump sum payment of his pension benefits, plaintiff[1] Raymond W. Foulke, Jr., instituted this action under the Employee Retirement Income Security Act (ERISA) 29 U.S.C. §§ 1132, 1133, against a number of defendants who, he contends, are the responsible decisionmakers. Defendant, Bethlehem Steel Corporation (Bethlehem), moving to dismiss as to it argues that it is not a proper party to this action. Also moving on behalf of all codefendants, Beth-

---

**1.** Also named as a plaintiff is Alice Marie Foulke, wife of Raymond.

lehem contends that plaintiffs are not entitled to a jury trial. Treating defendants' motion to dismiss as one for summary judgment, we deny same but grant the motion to strike the jury trial demand.

■ Bethlehem's motion to dismiss invokes Fed.R.Civ.P. 12(b) and is supported by the affidavit of David W. Kempken, Secretary of defendant General Pension Board. As such, the motion is properly treated as one for summary judgment. *Nasser v. City of Homewood,* 671 F.2d 432, 434 (11th Cir.1982); *Townsend v. Columbia Operations,* 667 F.2d 844, 849 (9th Cir.1982); *Woods v. Dugan,* 660 F.2d 379, 380 (8th Cir.1981) (per curiam); *DeTore v. Local # 245 Jersey City Public Employees Union,* 615 F.2d 980, 983 (3d Cir.1980).

In passing upon the motion for summary judgment we are obligated to "resolve any doubts as to the existence of genuine issues of fact against the moving part[y]" and are reminded that our function is limited to determining "whether any issue of fact exists". Specifically, we may not decide "issues of fact". *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981).

Bethlehem's motion asserts that it is not a proper defendant because the contested decision to deny plaintiffs a lump sum disbursement was made exclusively and independently by the General Pension Board and its Secretary. Therefore, Bethlehem argues, it engaged in no conduct even arguably violative of plaintiffs' rights. Hence, it urges that its motion to dismiss shall be granted. Employers have generally prevailed upon similar motions. *See, e.g., Boyer v. J.A. Majors Co. Employees' Profit Sharing Plan,* 481 F.Supp. 454, 458 (N.D.Ga. 1979); *Barrett v. Thorofare Markets, Inc.,* 452 F.Supp. 880, 884 (W.D.Pa.1978).

■ In the case at bar, however, plaintiffs have submitted evidence which, for Rule 56 purposes, defeats Bethlehem's motion. Plaintiffs have adduced proofs that defendant Bethlehem *qua* corporate employer may, as a matter of fact, have taken an active part in the administration of the pension plan. Specifically, a Bethlehem Vice Chairman, Richard F. Schubert, wrote to "fellow salaried employees" on June 26, 1981, apparently in his official capacity as Vice Chairman and Chairman of the General Pension Board. The letter details recent modifications in the pension plan and is written on Bethlehem's letterhead. This admittedly slender piece of evidence is sufficient, for present purposes, to conclude that defendant Bethlehem may be taking an active, and perhaps improper, role in the pension plan's administration. *Cf., Wright v. Columbia University,* 520 F.Supp. 789, 792 (E.D.Pa.1981) (finding that a letter from a University's surgeon demonstrated that the University as a whole, rather than a discrete portion thereof, was responsible for the challenged decision). We will accordingly deny defendant Bethlehem's motion for summary judgment.[2]

■ Bethlehem's motion to strike plaintiffs' demand for a jury trial will be granted. Appellate courts which have considered the issue have held that suit for pension benefits brought under ERISA seek equitable relief and that there is no entitlement to a jury trial. *Calamia v. Spivey,* 632 F.2d 1235, 1237 (5th Cir.1980); *Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820, 829–30 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981).

An appropriate order shall issue.

---

2. On March 25, 1983, Bethlehem, on behalf of all defendants, filed a motion for summary judgment which asserts that the challenged decision was neither arbitrary nor capricious. Defendants have not yet responded to this motion. In denying the motion at bar we, of course, intimate no view on the pending motion.