Nelson MINER, et al., Plaintiffs,

v.

COMMUNITY MUTUAL INSURANCE CO., et al., Defendants.

No. C–1–90–752.

United States District Court, S.D. Ohio, W.D.

Nov. 13, 1991.

Edward Marks, Cincinnati, Ohio, for plaintiffs.

Colleen Hegge, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court for a determination as to whether plaintiffs are entitled to a jury trial. For the reasons set forth below, the Court finds that plaintiffs' ERISA claims are not triable to a jury.

*Factual and Procedural Background*

Plaintiffs originally filed this complaint in state court. They allege that they are participants and beneficiaries in certain Employee Benefit Plans and Employee Welfare Benefit Plans as defined in

ERISA, 29 U.S.C. § 1002(7) and (8). Plaintiffs claim that defendants are fiduciaries as that term is defined under § 404 of ERISA, 29 U.S.C. § 1104, and that defendants breached their fiduciary duty to plaintiffs by failing to properly inform them concerning the plans and by failing to process in a prudent manner claims for medical expenses incurred in connection with the treatment of plaintiffs' minor daughter for organic brain syndrome. Plaintiffs claim that defendants acted in bad faith and caused them to incur emotional distress and financial loss. Plaintiffs also claim that defendants are liable to them for punitive damages. In addition to their ERISA claims, plaintiffs bring state law claims for breach of contract, promissory estoppel, bad faith and negligence. Plaintiffs seek as relief the medical costs and expenses incurred for the care and treatment of their minor daughter, punitive damages, and all other relief to which they may be entitled.

Plaintiffs claim that they are entitled to a jury trial. In support of their contention, they cite an emerging trend in ERISA cases to allow trial by jury and recent United States Supreme Court cases which purportedly suggest that ERISA actions are more legal than equitable in nature. Plaintiffs claim that in light of these authorities, prior decisions by the United States Court of Appeals for the Sixth Circuit which hold that a jury trial is not available for ERISA cases are no longer good law.

Defendants contend that plaintiffs' action is cognizable under the provisions of "FEHBA" and is not governed by ERISA. However, defendants have not cited any authority in support of their claim. Therefore, the Court will assume for purposes of this opinion that plaintiffs' action is governed by ERISA. Defendants submit that plaintiffs are not entitled to a jury trial under ERISA.

## Opinion

Section 502(a) of ERISA, 29 U.S.C. § 1132(a), provides, in pertinent part, that,

A civil action may be brought—

(1) by a participant or beneficiary—
(A) for the relief provided in subsection (c) of this section, or
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

The United States Court of Appeals for the Sixth Circuit has held that while a jury trial may be proper for certain actions under ERISA, "in actions for recovery of benefits under section 502, 'there is no right to a jury trial'." *Daniel v. Eaton Corp.*, 839 F.2d 263, 268 (6th Cir.), *cert. denied*, 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988) (*quoting Crews v. Central States, etc. Pension Fund*, 788 F.2d 332, 338 (6th Cir.1986); *Foulke v. Bethlehem 1980 Salaried Pension Plan*, 565 F.Supp. 882 (E.D.Pa.1983)). Consistent with *Hildebrand v. Board of Trustees of Michigan State University*, 607 F.2d 705, 708 (6th Cir.1979), *cert. denied*, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 168 (1982), the Sixth Circuit has looked to the nature of the relief sought in determining that a jury trial is not available on a claim to recover benefits under § 502. (*See e.g. Crews*, 788 F.2d at 338 (claimant not entitled to a jury trial because the action was one for restitution, which is historically an equitable remedy for which there is no Seventh Amendment right to a jury trial); *Bair v. General Motors Corp.*, 895 F.2d 1094 (6th Cir.1990) (action seeking instatement in retirement program and payments due claimant had he initially been granted participation in the program held to be one in equity)).

Although the Court of Appeals for the Sixth Circuit has not directly addressed the right to a jury trial on a claimed breach of fiduciary duty under § 404, the Court has

determined that compensatory damages to redress a direct injury to a participant resulting from such a breach are "appropriate equitable relief" under § 502(a)(3). *Warren v. Society Nat'l. Bank*, 905 F.2d 975, 981 (6th Cir.1990), *rehearing denied en banc*, 1990 WL 83397, 1990 U.S.App. LEXIS 16686 (6th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2256, 114 L.Ed.2d 709 (1991). In so holding, the Court relied on Justice Brennan's concurring opinion in *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). Justice Brennan stated in *Russell* that a claimant may directly obtain monetary damages for a breach of a plan administrator's obligations under § 404(a). Justice Brennan reasoned that under the law of trusts, from which ERISA's fiduciary standards were derived, a beneficiary is entitled to a remedy that will put him in the position he would have been in if the fiduciary had not committed a breach of trust. Such a remedy may be monetary damages. Justice Brennan noted that trust law damages, including monetary damages for an administrator's breach of his fiduciary duties under § 404(a) of ERISA, are equitable in nature. *Id.* at 154, n. 10, 105 S.Ct. at 3096 n. 10; *Warren*, 905 F.2d at 979. It follows that because monetary damages for a breach of fiduciary duty are deemed to be equitable in nature, there is no right to a jury trial on claims to enforce such a remedy.

Plaintiffs contend that the Sixth Circuit authorities which hold that a jury trial is not available under § 502 are no longer good law in light of recent decisions issued by the United States Supreme Court, particularly *Ingersoll–Rand Company v. McClendon*, —— U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). *Ingersoll–Rand* involved a claim that the claimant had been unlawfully discharged to prevent his attainment of benefits under an ERISA-covered plan. The Court held that plaintiff's state law claims for compensatory and punitive damages, including future lost wages and mental anguish, under various tort and contract theories were preempted be ERISA. The Court rejected the notion that § 502 limits ERISA actions to only those which

seek pension benefits and found that the relief requested there was within the power of federal courts to provide. *Ingersoll–Rand* has been interpreted as conclusively establishing that legal remedies, including compensatory and punitive damages and damages for mental anguish, are available under ERISA; therefore, ERISA actions cannot be construed as strictly equitable and the right to a jury trial in such actions exists. *See International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Midland Steel Products*, 771 F.Supp. 860 (N.D.Ohio 1991).

Other courts have likewise rejected the notion that ERISA is intrinsically equitable and have found the right to a jury trial exists. *See e.g., Vicinanzo v. Brunschwig & Fils, Inc.*, 739 F.Supp. 882 (S.D.N.Y.1990). Although there are sound reasons to support this viewpoint, this Court is bound by the law as interpreted by the United States Supreme Court and the Court of Appeals for the Sixth Circuit. As applied to this case, the governing law compels the conclusion that plaintiffs are not entitled to a trial by jury on their ERISA claims. Plaintiffs are seeking to recover monetary damages under § 502. The Sixth Circuit Court of Appeals has unequivocally held that a claimant is not entitled to a jury trial in an action brought under § 502 and has refused to carve out exceptions to this broad rule. The Court has also held that compensatory damages to redress a direct injury to a participant under § 502(a)(3) are equitable in nature. These holdings are consistent with the Supreme Court's observations that ERISA's fiduciary standards are derived from the law of trusts and that trust law remedies, including monetary damages, are equitable in nature. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Russell*, 473 U.S. at 154, n. 10, 105 S.Ct. at 3096, n. 10. The dicta in *Ingersoll–Rand* does not constitute a clear departure from these principles. Accordingly, this court is constrained to find that the relief plaintiffs seek in this case, money damages for an alleged violation of a fiduciary's

obligations under ERISA, must be considered equitable in nature. Plaintiffs are therefore not entitled to a jury trial on their ERISA claims.

Although the parties have not briefed the preemption issue, it is clear that plaintiffs' state law claims are preempted by ERISA. *See Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1275–77 (6th Cir. 1991). Accordingly, those claims must be dismissed.

## Conclusion

In accordance with the foregoing, it is hereby ORDERED that plaintiffs' state law claims are DISMISSED and the jury demand is stricken.

IT IS SO ORDERED.