Shelden F. JONES, Plaintiff

v.

CRESCENT METAL PRODUCTS,
INC., et al., Defendants.

No. 1:91CV0664.

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 30, 1994.

Kathleen Keogh, Donald F. Woodcock, Calfee, Halter & Griswold, Jeffrey P. Posner, and Timothy R. Sweeney, Zellmer & Gruber, Cleveland, for defendants.

### AMENDED MEMORANDUM OF OPINION AND ORDER GRANTING MOTION TO STRIKE JURY DEMAND AND DENYING MOTION TO STRIKE DEMAND FOR EXTRA-CONTRACTUAL DAMAGES NUNC PRO TUNC[1]

WELLS, District Judge.

This case is before this Court on the motion of defendants, Crescent Metal Products, Inc. and George T. Baggott, to strike (1) plaintiff Shelden F. Jones' jury demand with respect to Count One of the complaint, (2) Jones' demand for extra-contractual compensatory and punitive damages with respect to Count One, and (3) Jones' demand for punitive damages with respect to Counts Two, Three and Five. For the reasons which follow, defendants' motion to strike the jury demand is granted. Defendants' motion to strike the claim for extra-contractual damages with respect to Count One is denied. Because Jones admits he cannot recover punitive damages in this case, defendants' motion to strike the demand for punitive damages is granted.

The complaint asserts that Jones entered into an employment agreement with Crescent on April 2, 1990 for a term of one year. As part of that agreement, Jones was to receive medical insurance and various other benefits in addition to his salary. Jones completed personnel forms for Crescent on April 4, 1990, including an enrollment form for the health insurance plan. Jones indicated that he sought medical insurance coverage for his wife and son; his wife had multiple sclerosis.

Jones began work at Crescent on April 16, 1990, and worked there for three weeks. In early May 1990, Crescent's president, defendant Baggott, told Jones "the situation was not going to work out," and Jones was no longer employed. Baggott said the cost of providing health insurance to Jones' wife was

---

Sharon Sobol Jordon, City of Cleveland Dept. of Law and James D. Vail, Schneider, Smeltz, Ranney & LaFond, Cleveland, OH, for plaintiff.

1. This amended order corrects clerical errors in the Court's original opinion. Fed.R.Civ.P. 60(a).

too high, and he decided to discharge Jones to avoid paying the higher premiums.

Count One of the complaint contends defendants discharged Jones for the purpose of interfering with his attainment of rights under the employee benefit plan, in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140. Counts Two, Three and Five assert defendants breached the contract of employment, defendants are estopped from failing to perform their promises, and defendants were unjustly enriched by Jones' services.[2] The complaint maintains that defendants are liable for Jones' wages and benefits under the one year contract, plus $300,000 in compensatory damages, $300,000 in punitive damages, attorney's fees, costs, and pre- and post-judgment interest. The complaint demands a trial by jury.

 Defendants argue that Jones is not entitled to a jury trial on his ERISA claim. The Court agrees. A right to a jury trial is available only in legal, not in equitable, actions. The legal or equitable nature of an action is determined by considering (a) the custom before the merger of law and equity in the courts, (b) the remedy sought, and (c) the practical abilities and limitations of juries. *United Transp. Union, Local 74 v. Consolidated Rail Corp.*, 881 F.2d 282, 286 (6th Cir.1989).

 Jones' claim for interference with protected ERISA rights arises under 29 U.S.C. § 1140, which explicitly provides that § 1132 "shall be applicable to the enforcement of this section." The Sixth Circuit Court of Appeals has not specifically addressed the right to a jury trial in an action for interference with protected rights under § 1140, but the Court has made it clear that the remedies available under § 1132 (the civil enforcement provision) are equitable, not legal, in nature, so that there is no right to a jury trial. *Bair v. General Motors Corp.*, 895 F.2d 1094 (6th Cir.1990); *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir.1988). Other Circuit Courts of Appeals have expressly

held there is no right to a jury trial on a claim for violation of § 1140. Although a § 1140 claim is analogous to a common law claim for retaliatory or wrongful discharge for which a jury trial may be appropriate, all the remedies available for the claim under ERISA are equitable. *Spinelli v. Gaughan*, 12 F.3d 853, 857 (9th Cir.1993). Therefore, Jones has no right to a jury trial on his ERISA claim.

Jones admits he cannot recover punitive damages in this case because he voluntarily dismissed his fraud claim. He asserts, however, that he is entitled to recover extra-contractual damages "which naturally flow from defendants' interference with [his] medical benefits." Defendants argue that Jones may not recover "extra-contractual" compensatory damages on his ERISA claim.

 ERISA permits a court to award "appropriate equitable relief" to redress an ERISA violation or enforce an ERISA provision. 29 U.S.C. § 1132(a)(3)(B). Appropriate equitable relief may include monetary damages, if necessary to accord complete relief to the injured party. *Warren v. Society National Bank*, 905 F.2d 975 (6th Cir. 1990). Thus, Jones may recover the monetary damages necessary to place him in the position he would have been in if defendants had not violated ERISA. Although it is not clear what damages Jones may seek at trial, his monetary damages may exceed the amount of the benefits he was allegedly wrongfully denied (plus interest). Therefore, defendants' motion to strike plaintiff's claim for extra-contractual damages is denied.

Defendants' motion to strike Jones' jury demand is granted. Defendants' motion to strike Jones' claim for punitive damages is also granted. Defendants' motion to strike Jones' claim for extra-contractual damages is denied.

---

**2.** Count Four, which asserted a claim for fraud, was voluntarily dismissed by plaintiff in April 1992.