Charles E. THOMAS, Plaintiff,

v.

ALLEN–STONE BOXES, INC., R.C. Allen and Tim Goodman, Defendants.

No. 95–2130.

United States District Court, W.D. Tennessee.

Dec. 7, 1995.

Hite McLean, Jr., Law Offices of Hite McLean, Memphis, TN, for Plaintiff.

W. Kerby Bowling, II, Michael V. Tichenor, Bowling, Bowling, Parker & Laughlin, Memphis, TN, for Defendants.

## ORDER

McCALLA, District Judge.

Before the Court are the following motions: (1) Defendants' Motion to Bifurcate, filed June 7, 1995; (2) Defendants' Motion for Entry of an Order that Punitive Damages are not Allowed under the Tennessee Human Rights Act, filed June 26, 1995; (3) Defendants' Motion to Deny a Jury under the Employee Retirement Income Security Act, filed June 30, 1995; (4) Defendants' Motion to Exclude Punitive and Extra–Contractual

Damages under the Employee Retirement Income Security Act, filed July 13, 1995; (5) Defendants' Motion to Limit Damages Under the Americans with Disabilities Act, filed July 17, 1995; (6) Plaintiff's Motion for an Extension of Time to Respond to Defendants' Motion to Dismiss, filed April 20, 1995; (7) Motion for Order Modifying Rule 16(b) Scheduling Order to Allow Plaintiff to File Motion for Partial Summary Judgment, filed October 23, 1995; and (8) Plaintiff's Motion to Strike an Exhibit Attached to Memorandum in Support of Defendants' Motion for Summary Judgment Filed on October 20, 1995, filed October 23, 1995.

On January 24, 1994, plaintiff brought this action in Chancery Court of Lauderdale County, Tennessee. Defendants removed this action to this Court on February 24, 1995.

This is an action by plaintiff Charles E. Thomas against employer Allen–Stone Boxes, president of Allen–Stone Boxes, R.C. Allen, and plant manager, Tim Goodman. Plaintiff brings claims for employment discrimination on the basis of handicap, pursuant to the Tennessee Human Rights Act ("THRA"), § 4–21–101, et seq.; retaliation pursuant to the THRA; handicap discrimination pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.; and wrongful discharge, pursuant to the Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

Plaintiff became employed by defendant Allen–Stone Boxes, Inc. on May 17, 1983. In 1992, he was diagnosed with vascular necrosis, a physical condition affecting his joints. On July 19, 1994, defendant Tim Goodman terminated his employment. Plaintiff claims that defendant discharged plaintiff because he was physically handicapped. After appealing this termination, plaintiff was re-hired on July 21, 1994, but was discharged again on August 27, 1994. Plaintiff claims the second discharge was also handicap discrimination, and alleges that defendant was motivated by concern that plaintiff's physical impairment would prove too costly under Allen–Stone Boxes' employee benefits program. Plaintiff further contends that defendant R.C. Allen retaliated against plaintiff for filing a charge of employment discrimination.

## DEFENDANT'S MOTION TO BIFURCATE

Defendants seek bifurcation of the liability and punitive damages issues, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. Defendants argue bifurcation will clarify issues, prevent prejudice against the "deep pocket" defendant Allen–Stone Boxes, and serve the interests of judicial and private economy by avoiding presentation of complicated evidence of damages before any liability is proven. Defendant cites the Tennessee Supreme Court for the proposition that, in a trial where punitive damages are sought, the court shall bifurcate the trial upon defendant's motion. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn.1992).

Plaintiff does not oppose bifurcation of the punitive damages issue. However, plaintiff does oppose bifurcation of liability and all damage issues. While the leading paragraph of defendants' Memorandum of Law in Support of Defendants' Motion to Bifurcate and the case law cited by defendants refer exclusively to punitive damages, the text of defendants' motion appears to ask for a broader bifurcation of all damage claims. As defendants' argument and cited case law support only the bifurcation of punitive damages, and defendants provide no reason why the court should bifurcate all damage claims, the Court GRANTS defendants' motion to bifurcate, but limits bifurcation to the punitive damage issue.

## DEFENDANTS' MOTION FOR ENTRY OF AN ORDER THAT PUNITIVE DAMAGES ARE NOT ALLOWED UNDER THE TENNESSEE HUMAN RIGHTS ACT

Defendants Allen–Stone Boxes, Inc., R.C. Allen, and Tim Goodman bring a motion asking this Court to declare that punitive damages are unavailable under the THRA. Defendants argue that legislative history and recent case law support the unavailability of punitives under the THRA. Plaintiffs oppose defendants' motion, arguing that the bulk of case law and statutory interpretation

**1318**

support a claim for punitive damages under the THRA.

■ The availability of punitive damages under the THRA is disputed in the case law. Only a few courts have addressed the issue. While some courts have agreed with plaintiffs that punitive damages are available under the THRA, a recent well-reasoned decision, *England v. Fleetguard*, 878 F.Supp. 1058 (1995), involving a similar claim to that brought in the present matter, disagrees. For the reasons stated below, this Court agrees with the *England* court, and holds that punitive damages are unavailable under the THRA.

The THRA prohibits discrimination in employment, public accommodations and housing on the basis of race, color, creed, religion, sex or national origin. Part 3 addresses retaliation, and Part 4 addresses employment discrimination. Tenn.Code Ann. §§ 4–21–301 and –401. Judicial remedies for claims brought under the THRA are set forth in Tenn.Code Ann. § 4–21–311.[1] Before the 1989 and 1992 amendments, section 4–21–311 provided in pertinent part,

> Any person deeming himself or herself injured by any act in violation of the provisions of this chapter shall have a civil cause of action ... to recover the actual damages sustained by him or her, together with the cost of the lawsuit, including a reasonable fee for his or her attorney of record, all of which shall be in addition to any other remedies contained in this chapter.

Tenn.Code Ann. § 4–21–311.

In 1989, this section was amended in part by the addition of subsection (b): "In addition to the remedies set forth in this section, all remedies described in Section 4–21–306 shall be available in any such lawsuit." Tenn.Code Ann. 4–21–311 (1989).

1. Both judicial and administrative remedies are available under the THRA. Procedures for the filing and investigation of administrative claims are set forth in Tenn.Ann.Code §§ 4–21–302, 304, 305 and 307.

2. *Toof* involved a retaliatory discharge suit against an employer. The plaintiff sought relief under the Tennessee statutory remedy, named

In 1992, the statute was amended again. The 1992 amendment was the first to include any mention of punitive damages. Currently, the statute reads,

> Additional remedies preserved.—Any person injured by any act in violation of the provisions of this chapter shall have a civil cause of action in chancery court. In such an action the court may issue any permanent or temporary injunction, temporary restraining order, or any other order and may award to the plaintiff actual damages sustained by such plaintiff, together with the costs of the lawsuit, including a reasonable fee for the plaintiff's attorney of record, all of which shall be in addition to other remedies contained in this chapter. In cases involving discriminatory housing practices, the court may award punitive damages to the plaintiff, in addition to the other relief specified in this section and this chapter. In addition to the remedies set forth in this section, all remedies described in § 4–21–306, except the civil penalty described in § 4–21–306(a)(9), shall be available in any lawsuit filed pursuant to this section.

Tenn.Code Ann. § 4–21–311 (1992).

Section 4–21–306 provides in pertinent part,

> Such other remedies as shall be necessary and proper to eliminate all discrimination identified by the evidence submitted at the hearing or in the record.

Tenn.Code Ann. § 4–21–306(a)(8).

The question now before this Court is whether the 1992 amendment restricts punitive damage awards to discriminatory housing claims, or whether punitive damage awards are available under the THRA any time the plaintiff meets the general criteria for punitive damages, as established in *Toof*. See *Toof*, 833 S.W.2d at 900 (involving a retaliatory discharge claim brought under T.C.A. § 22–4–108, not the THRA).[2]

"reinstatement and reimbursement for lost wages and work benefits," T.C.A. § 22–4–108. Plaintiff brought no claim under the THRA, and THRA is not discussed at any point in *Toof*. *Toof* held that a court may award punitive damages under Tennessee law only if it finds that defendant has acted intentionally, fraudulently, maliciously, or recklessly. *Toof*, 833 S.W.2d at 900.

Before the 1992 amendment, the THRA's only damage provision was for "actual" damage awards. An opinion by the Attorney General of the State of Tennessee, Tenn. Atty.Gen.Op. 88–12 (January 12, 1988), and two cases, *Taff v. Media General Broadcast Services, Inc.*, 1986 WL 12240 (Tenn.App. 1986) and *Gifford v. Premier Manufacturing Corporation*, 1989 WL 85752 (Tenn.App. 1989), all have found that the term "actual damages" as defined under § 4–21–311 excludes punitive damages.

More recent cases, brought after the 1989 amendment, have supported the availability of punitive damages for all types of claims under the THRA. *See e.g., Wilkinson v. Sally Beauty Company, Inc.*, 896 F.Supp. 741 (M.D.Tenn.1995); *Greer v. Sears, Roebuck and Co.*, 54 F.3d 776, 1995 WL 283778 (6th Cir.1995).[3]

Pursuant to the 1992 amendment, the THRA clearly provides for punitive damages awards in discriminatory housing claims. However, disagreement surrounds the availability of punitive damages in all claims brought under the THRA. The dispute turns largely on whether the broad reach of T.C.A. section 4–21–306(a)(8) is incorporated into the remedies available under the THRA.

Some courts have understood section 4–21–306(a)(8) to include any and all damages for which criteria established in *Toof* have been met, and further interpreted section 4–21–311's inclusion of section 4–21–306 as establishing a "catch-all" provision to incorporate all damages, including punitives, under the THRA. However, this interpretation fails to consider either the 1992 amendment's limited addition of punitive damages for discriminatory housing claims, or the history in chancery court of restricting punitive damage awards to claims for which punitive damages enjoy specific statutory authorization. *England*, 878 F.Supp. at 1062 (rejecting *Greer*'s view that 306(a)(8) operates as a catch-all under the THRA).

A close reading of the legislative history of the THRA indicates that the statute does not authorize punitive damage awards for any claims other than discriminatory housing claims. First, the original statute did not expressly authorize punitive damage awards. Second, the 1992 amendment provided the first reference in the statute to punitive damages under the THRA, but authorized punitives only in the context of discriminatory housing claims. If the 1989 amendment was in fact a "catch all" clause, authorizing punitive damages in all cases where *Toof* requirements are met, then the addition of punitives in the 1992 amendment would be superfluous and pointless. Thus, this Court agrees with the *England* court that, "If the General Assembly intended punitive damages to be recoverable under § 4–21–306, it would have specifically listed them, rather than inferred their availability through a 'catch-all' residuary clause such as § 4–21–306(a)(8)." *England*, 878 F.Supp. at 1063.

For the reasons stated above, this Court holds that punitive damage awards are not available for employment discrimination and retaliation claims under the THRA. Therefore, the Court hereby GRANTS defendants' motion to exclude the punitive damages claim under the THRA.

## DEFENDANTS' MOTION TO DENY A JURY UNDER THE EMPLOYMENT RETIREMENT INCOME SECURITY ACT

■ Before the Court is defendants' motion for the entry of an order denying plaintiff a jury under his ERISA claim. Plaintiff brings his ERISA claim pursuant to 29 U.S.C. § 1140, § 510, which prohibits an employer from discharging a participant or beneficiary "for the purpose of interfering with the attainment of any right to which such participant may be entitled under the plan." *Id.* Plaintiff alleges that, in terminating his employment, his employers were motivated by concern that his physical condition could deteriorate to the point of incapacity, and by desire to avoid economic loss to the company resulting from plaintiff's coverage under de-

---

**3.** See also, *Wood v. Emerson Electric Company*, slip opinion, 1994 WL 716270 (Tenn.1994). Although the Wood court did not grant punitive damages under the THRA, it proceeded under the assumption such damages were available. However, this Court agrees with *England* that because the specific issue of punitives under the THRA was never raised, *Wood* is unpersuasive. *England*, 878 F.Supp. at 1063.

fendant Allen–Stone Boxes' employee benefits plan. Plaintiff seeks reinstatement, compensatory and punitive damages, and costs. Plaintiff does not specify what particular remedies he seeks under each of the claims, including ERISA, that he now brings.

ERISA, 29 U.S.C. § 1140, § 510, states that § 1132 shall be applicable in any enforcement of the former section. Section 1132(a), § 502 provides, in pertinent part,

> A civil action may be brought—
>
> (1) by a participant or beneficiary—
>
> (A) for the relief provided in subsection (c) of this section, or
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (3) by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a), § 502.

In its motion to deny a jury under ERISA, defendant argues that the weight of authority holds there is no right to a jury for ERISA claims arising under § 502. The Court agrees. *See e.g., Bair v. General Motors Corp.*, 895 F.2d 1094 (6th Cir.1990); *Sprague v. General Motors Corp.*, 804 F.Supp. 931 (E.D.Mich.1992); *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir.1988), *cert. denied*, 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988).

A few recent federal district court cases indicate that jury trials may be available when the remedy sought is legal as opposed to equitable. *See e.g., International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Midland Steel Products Co.*, 771 F.Supp. 860 (N.D.Ohio 1991) (finding a jury trial available when rights asserted in ERISA claim involve a collective bargaining agreement and are contractual in nature); *McDonald v. Artcraft Electric Supply Co.*, 774 F.Supp. 29 (D.D.C. 1991) (holding that ERISA preempts state claims and that a jury trial is appropriate where it would have been available if the claim had been asserted under state law prior to ERISA's enactment). These cases rely on the United States Supreme Court case, *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).[4] *Ingersoll–Rand* held that ERISA preempted state action. Addressing an argument against preemption, the Court stated,

> [T]here is no basis in § 502(a)'s language for limiting ERISA actions to only those which seek 'pension benefits.' It is clear that the relief requested here [compensatory, punitive and mental anguish] is well within the power of the federal courts to provide ... [I]t is no answer to a preemption argument that a particular plaintiff is not seeking recovery of pension benefits.

*Id.* at 145, 111 S.Ct. at 486.

*Ingersoll–Rand* did not address the availability of a jury trial under ERISA, nor did it hold that legal remedies are available under ERISA. "Had the Supreme Court intended to expand the realm of potential relief available under ERISA ... it would have done so explicitly. Such a departure from precedent likely would not have been accomplished in a single sentence, in dicta, at the close of an opinion focused exclusively on a wholly different issue." *Sprague*, 804 F.Supp. at 936, quoting *Gaskell v. Harvard Coop. Soc'y*, 762 F.Supp. 1539, 1544 (D.Mass.1991).

Similarly, another court rejected plaintiff's argument that *Ingersoll–Rand* changed the law on jury trials under ERISA, and found that the "Sixth Circuit Court of Appeals has unequivocally held that a claimant is not

---

**4.** They also rely on two other Supreme Court cases, neither of which indicate that a jury trial is now available under ERISA. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (changing standards of review for plan administrator's interpretation of benefits); *Chauffeurs, Teamsters, and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565, 110 S.Ct. 1339, 1344–45, 108 L.Ed.2d 519 (1990) (suggesting by analogy, but not holding, that legal remedies may be available under ERISA).

entitled to a jury trial in an action brought under § 502 and has refused to carve out exceptions to this broad rule." *Miner v. Community Mutual Insurance Company*, 778 F.Supp. 402, 404 (S.D.Ohio 1991).[5] The Court agrees with the *Miner* court. For the above reasons, the Court denies a jury trial for plaintiff's ERISA claim, and thereby, GRANTS defendant's motion.

## DEFENDANTS' MOTION TO EXCLUDE PUNITIVE AND EXTRA–CONTRACTU-AL DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

Defendant seeks to exclude punitive and extra-contractual damages under plaintiff's ERISA claim. Plaintiff's Response in Opposition to Defendants' Motion to Exclude Punitive and Extra–Contractual Damages Under ERISA, filed July 14, 1995, argues this motion is premature. For support, plaintiff relies entirely on *McDonald*, 774 F.Supp. at 36 (stating, "At the close of trial, if the Court deems based on the evidence elicited at trial that a jury instruction on punitive damages may be appropriate, the Court will at that time entertain Defendant's motion and consider the issue of whether punitive damages are available under ERISA").

■ The vast majority of courts have found that general remedies provisions under ERISA, specifically § 502, do not provide for punitive and extra-contractual damages. *See e.g., Scott v. Central States, Southeast and Southwest Areas Pension Plan*, 727 F.Supp. 1095 (E.D.Mich.1989) (finding that punitive damages are not recoverable under ERISA); *Flacche v. Sun Life Assurance Company of Canada*, 958 F.2d 730, 737 (6th Cir.1992), citing *Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134, 145–148, 105 S.Ct. 3085, 3092–3093, 87 L.Ed.2d 96 (1985) (holding that there is no private right of action for extracontractual damages against a fiduciary under ERISA, and finding that the Supreme Court's reasoning, based on legislative intent and the legislative scheme, applies to non-fiduciaries, against whom there is similarly no private right of

action for extracontractual damages under ERISA); *Davis v. Kentucky Finance Companies Retirement Plan*, 887 F.2d 689 (6th Cir.1989), *cert. denied*, 495 U.S. 905, 110 S.Ct. 1924, 109 L.Ed.2d 288 (1990) (holding that there can be no extracontractual recovery in the context of an ERISA plan).

As the vast weight of the case law supports excluding punitive and extra-contractual damages under plaintiff's ERISA claim, and plaintiff offers as support for his motion only one district court case in another circuit that merely waits to decide the damages issue until the close of trial, defendants' motion to exclude punitive and extracontractual damages under ERISA is hereby GRANTED.

## DEFENDANTS' MOTION TO LIMIT DAMAGES UNDER THE AMERICANS WITH DISABILITIES ACT

■ Defendants seek to limit any award of compensatory and punitive damages under the Americans with Disabilities Act of 1990 ("ADA") to $50,000. Plaintiff opposes this motion solely on the grounds that defendants R.C. Allen and Tim Goodman, who have submitted affidavits in support of this motion, object to responding to any discovery requests prior to a ruling on their individual motions to dismiss. Plaintiff makes no claim that the ADA provides for awards in excess of $50,000.

In 1991, the Civil Rights Act, (P.L. 102–166), amended the ADA, Section 1977A, which now provides,

(b) Compensatory and Punitive Damages.—

(1) Determination of punitive damages.—A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

---

5. Other circuit courts of appeal have continued to find after *Ingersoll–Rand* that no jury trial is available under ERISA. *See e.g., Blake v. Union-mutual Stock Life Insurance Company of Amer-*ica, 906 F.2d 1525 (11th Cir.1990); *Cox v. Keystone Carbon Co.*, 894 F.2d 647 (3d Cir.1990), *cert. denied*, 498 U.S. 811, 111 S.Ct. 47, 112 L.Ed.2d 23 (1990).

(2) Exclusions from Compensatory Damages.—Compensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964.

(3) Limitations.—The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed for each complaining party—

(A) in the case of a respondent who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $50,000.

42 U.S.C. § 1981a (1994).

In support of their motion to limit damages under the ADA, defendants submit the affidavits of R.C. Allen and Tim Goodman, swearing that as individuals, they have never employed any employees in 1994 or 1995, and that defendant Allen–Stone Boxes, Inc., has employed more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year. Plaintiff does not contest these claims by defendants. Nor does plaintiff make any allegation that he is unable to verify, as a result of defendants' alleged failure to respond to discovery requests, the number of employees defendant Allen–Stone Boxes employs.

As defendant Allen–Stone Boxes apparently meets the criteria set forth 42 U.S.C. § 1981a for limiting damages under the ADA to $50,000, and plaintiff does not dispute that defendant meets the criteria, the Court limits any award under the ADA to $50,000. For the above reasons, the Court GRANTS defendants' motion.

*PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS*

Plaintiff's motion for extension of time was set to be heard on Motion Call in this Court, on October 27, 1995. In the interim, on May 24, 1995, plaintiff responded to defendant's motion. Defendant has since filed supplemental motions to dismiss, to which plaintiff also has responded. For the above reasons, plaintiff's motion for an extension of time is now MOOT.

*MOTION FOR ORDER MODIFYING RULE 16(b) SCHEDULING ORDER TO ALLOW PLAINTIFF TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT*

Plaintiff asks this Court to modify its Rule 16(b) Scheduling Order to extend time for filing of motions. Defendant has filed no opposition to this motion.

The deadline for filing motions in this case has been set for October 20, 1995. Due to the illness of Joseph M. Crout, attorney for defendant R.C. Allen, depositions in this case have taken place past the deadline. Depositions were postponed twice at the defendants' request. Plaintiff argues that information obtained from these depositions supplies grounds for a motion for partial summary judgment. For good cause shown, the Court GRANTS plaintiff's motion, and extends time for filing motions until Monday, December 11, 1995.

*PLAINTIFF'S MOTION TO STRIKE AN EXHIBIT ATTACHED TO MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FILED ON OCTOBER 20, 1995*

Plaintiff brings a motion to strike an exhibit attached to defendant's memorandum for summary judgement. Although plaintiff has included in the motion's title "filed on October 20, 1995," the motion in fact was filed on October 23, 1995, three days after the motion filing deadline in effect at that time. Upon due consideration, the Court DENIES plaintiff's motion.

For the reasons stated above, the Court hereby makes the following rulings: (1) defendants' motion to bifurcate is GRANTED; (2) defendants' motion to exclude punitive damages under the Tennessee Human Rights Act is GRANTED; (3) defendants' motion to deny a jury under ERISA is GRANTED; (4) defendants' motion to exclude punitive and extracontractual damages under ERISA is GRANTED; (5) defendants' motion to limit

damages under the ADA to $50,000 is GRANTED; (6) plaintiff's motion for an extension is MOOT; (7) plaintiff's motion to modify the Rule 16(b) scheduling order is GRANTED; and (8) plaintiff's motion to strike is DENIED.

SO ORDERED.