Gloria MORGAN, Plaintiff,

v.

AMERITECH, and Ameritech Sickness and Accident Disability Plan (SADBP), Defendants.

No. 98–3128.

United States District Court, C.D. Illinois, Springfield Division.

Nov. 5, 1998.

James W. Ackerman, Springfield, IL, for plaintiff.

Benjamin Ghess, Chicago, IL, Alfred B. LaBarre, Springfield, IL, for defendants.

## OPINION

RICHARD MILLS, District Judge.

Congress giveth,

Congress taketh away.

Jury trial under § 510 of ERISA?

No. It is for nought.

## I. FACTS ALLEGED IN THE COMPLAINT

Ameritech Corporation adopted an employee benefit plan called Ameritech Sick-

ness and Disability Benefit Plan ("Plan"). Pursuant to section 4.8 of the Plan, all accident disability benefits paid by the Plan were charged to Ameritech's operating expenses. The Plan provided coverage for employees of Ameritech who had six (6) or more net credited months of service. Moreover, the Plan was subject to regulation under the Employee Retirement Income Securities Act, 29 U.S.C. § 1002(a).

Gloria Morgan was an employee of Ameritech Corporation from 1984 until November 25, 1997 and was eligible to receive benefits under the employee benefits plan. On or about July 2, 1997, Morgan allegedly became sick and disabled. She alleges that her illness qualified her to receive benefits under the employee benefits plan. The Plan, however, provided benefits up through October 7, 1997, and denied benefits after that date. On November 25, 1997, Ameritech discharged Morgan from her employment with the company.

In Count I of her Amended Complaint, Morgan alleges that the Plan's refusal to provide benefits to her after October 7, 1997 constituted a breach of the employee benefits plan. She seeks damages and attorney's fees pursuant to 29 U.S.C. § 1132(g)(1).[1] In Count II of the Amended Complaint, Morgan alleges that Ameritech wrongfully discharged her for exercising her rights under the Employee Benefit Plan in violation of 29 U.S.C. § 1140.[2]

The Defendants filed a motion to Dismiss Count II of the Complaint and to Strike Plaintiff's Jury Demand.

## II. LEGAL STANDARD FOR MOTIONS TO DISMISS

In ruling on a motion to dismiss, the Court must accept well pleaded allegations of the complaint as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73–75, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1104 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). Although a complaint is not required to contain a detailed outline of the claim's basis, it nevertheless must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. *Car Carriers*, 745 F.2d at 1106. Mere conclusions, without supporting factual allegations, are insufficient to support a claim for relief. *Cohen v. Illinois Inst. of Tech.*, 581 F.2d 658, 663 (7th Cir.1978). Dismissal should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## III. ANALYSIS

### a. Sufficiency of Pleading

The Defendants argue that Plaintiff failed to plead sufficient facts to support her discrimination claim under ERISA. Despite the liberality of modern rules of pleading, plaintiffs may not merely rest on bare legal conclusions. Rather, in order to resist a motion to dismiss they must set out facts sufficient to "outline or adumbrate" the basis for their ERISA claims. *Panaras v. Liquid Carbonic Indus., Corp.*, 74 F.3d 786, 792 (7th Cir.1996); *Perkins v. Silverstein*, 939 F.2d 463, 466–67 (7th Cir.1991); *Sutliff, Inc. v. Donovan Cos., Inc.*, 727 F.2d 648, 654 (7th Cir.1984); *Strauss v. City of Chicago*, 760 F.2d 765, 767–70 (7th Cir.1985).

In her Complaint, the Plaintiff states that she was discharged, and that the "basis for the discharge was the exercise of her right under the provisions of the Employee Benefit Plan." Moreover, she alleges that "as a result of the discharge[,] Ameritech now claims it is not liable under the plan." Assuming that the pleadings are true, the Court

---

1. Section 1132(g)(1) states that:

 [i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

2. Section 1140 states in part:

 [i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan .... The provisions of this section 1132 of this title shall be applicable in the enforcement of this section.

cannot say it is "beyond a doubt" that the plaintiff can prove no set of facts to establish a violation under ERISA.

Citing a case from our sister court in the Northern District, the Defendants argue that this Court should dismiss her claim because the Plaintiff failed to allege that Ameritech "specifically intended to interfere with her rights under the [Employee Benefits Plan]." *Fallico v. Radiology Imaging Specialists, Ltd.*, No. 95–C–6796, 1996 WL 288630, at *3 (N.D.Ill. May 30, 1996). In *Fallico*, the plaintiff alleged that the defendant violated § 502[3] and § 510[4] of ERISA by failing to pay her "basic compensation for the first ninety (90) days of disability . . . ." *Id.* at *2. The *Fallico* court dismissed both claims on the ground that the benefit the plaintiff was seeking did not fall within the ambit of ERISA. *Id.* at *2–3. Because her law suit did not involve rights protected under ERISA, the court held that the plaintiff "failed to provide a basis for a Section 502 claim for improper denial of benefits[ ][,]" and that the "facts alleged do not indicate intent to interfere with rights under ERISA employee benefit plan." *Id.*

It appears that the *Fallico* case turned on the distinction between protected rights and unprotected rights, and not whether plaintiff failed to allege "specific intent" as opposed to any other levels of intent.[5] Moreover, unlike the *Fallico* case, it is undisputed that the benefits claimed by the Plaintiff in Count I of her Amended Complaint falls under ERISA's jurisdiction. The only disputed issue in Count I is whether the Plaintiff was entitled to those benefits after October 7, 1997. Thus, the Court holds that the *Fallico* case is fundamentally different from the case at bar.

Although the Plaintiff could have pled additional facts, she met the minimum threshold to survive a motion to dismiss. Assuming paragraph 8 is true, the trier of fact could infer that the Defendants discharged the Plaintiff for the "purpose of interfering" with Plaintiff's protected rights.

The Defendants next argue that the timing of discharge "cuts against any inference that [the Plaintiff] was terminated in order to interfere with her rights under the [employee benefits plan]." The Defendants argue that if they intended to interfere with her rights, they would have fired her when she was receiving the benefits or while she had rights under the benefits plan. This argument is unpersuasive. First, in Count I, the Plaintiff argues that she had rights under the benefits plan up until she was discharged from her employment. Assuming her allegations are true, the trier of fact could infer that the Defendants discharged her in order to avoid giving her the benefits.

■ Second, the Court will not evaluate the strength of the inference on a motion to dismiss. As stated *supra*, in a motion to dismiss, the Court presumes that all alleged facts are true and construes reasonable inferences in favor of the non-movant. *See Car Carriers*, 745 F.2d at 1106. Thus, although the timing of the firing weakens the inference of Defendants' motive for discharging the Plaintiff, Count II nevertheless survives a motion to dismiss.

**b. Jury Demand**

■ The Defendants also move to strike the Plaintiff's demand for a jury. The Defendants argue that lawsuits filed under ERISA are equitable in nature, and jury trials are not available. In contrast, the Plaintiff argues that she is entitled to a jury because her ERISA § 510 claim, 29 U.S.C. § 1140, is legal in nature. Much judicial ink has been spilled on this issue, and even to this day, the issue is not very lucid. Nevertheless, after examining the case law developed regarding ERISA within the past 5 years, this Court concludes that no jury trial is available under § 510 of ERISA.

■ A right to trial by jury may arise either by statute or *via* the Seventh Amendment to the U.S. Constitution. *See Curtis v. Loether*, 415 U.S. 189, 191–92, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). If Congress has provided for the right to trial by jury in a

---

3. Section 502 is codified as 29 U.S.C. § 1132.

4. Section 510 is codified as 29 U.S.C. § 1140.

5. The Defendants use the term "specifically intended" to describe the pleading threshold under § 1140. The Court cannot find the terms "specifically intended" used in the statutory language or in the *Fallico* case.

statute, there is no need to examine the constitutional issue. *Id.* at 192 n. 6, 94 S.Ct. 1005.

Initially, this Court notes that pursuant to statutory language in the last sentence of § 510, the exclusive enforcement provision for an ERISA § 510 claim is under § 502(a), 29 U.S.C. § 1132(a). *See Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 142, 111 S.Ct. 478, 485, 112 L.Ed.2d 474, 487 (1990); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987); *Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985). Thus, the plaintiff's alleged rights to back pay, compensatory damages and jury trial must be authorized, if at all, under § 502(a), 29 U.S.C. § 1132(a). Relevant provisions of § 502(a) state the following:

A civil action may be brought—

(1) by a participant or beneficiary— ...

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

. . . . .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a).

As one can see, § 502 of ERISA does not explicitly provide or deny a right to trial by jury.[6] Moreover, it is questionable whether the Plaintiff could even recover compensatory damages at all under § 502. Since there is no statutory grant or a denial of a jury trial under § 502(a) of ERISA, the Court must now turn to the Seventh Amendment to determine if Plaintiff is entitled to a trial by jury on her ERISA § 510 claim.[7]

The Seventh Amendment to the U.S. Constitution states that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved ...." When determining whether the Seventh Amendment requires a jury trial on an issue, the U.S. Supreme Court has stated that a court should employ the following analysis:

"First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Tull v. United States,* 481 U.S. 412, 417–18, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987) (citations omitted). Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second stage of this analysis is more important than the first. *Id.* at 421, 107 S.Ct. 1831.

*Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1988); *Chauffeurs, Teamsters and Helpers Local No. 391 v. Terry,* 494 U.S. 558, 565, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990).

Regarding the first prong of *Tull,* Plaintiff asserts that she is entitled to a jury trial because the most analogous common law cause of action to an ERISA § 510 claim is a claim of wrongful termination or a breach of contract which are traditionally legal claims. This argument is unpersuasive because ERISA is a complex statutory scheme which has no precursor in common law. Moreover, as the Ninth Circuit has pointed out, the rights and remedies provided under "ERISA are not merely a repackaging of existing rights." *Spinelli v. Gaughan,* 12 F.3d 853, 857 (9th Cir.1993). Thus, the Court finds that examining 18th century common law writs is futile.

Under the second prong of *Tull,* if the court determines that the suit is "legal" as opposed to "equitable", the plaintiff is entitled to a jury trial, and vice versa. Although this formula exists, courts have reasoned in

---

6. ERISA's legislative history provides no guidance on the issue. *See* Note, *The Right to Jury Trial in Enforcement Actions Under Section 502(a)(1)(B) of ERISA,* 96 HARV. L. REV. 737, 738, 741–43 (1983).

7. The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies enforceable in an action for damages in ordinary courts of law. *See Curtis v. Loether,* 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974).

different ways and reached different conclusions on the issue of the right to a jury trial under § 502 [8] and § 510 of ERISA.[9]

 Whether an action is "equitable" or "legal" is generally determined by the "nature of the plaintiff's cause of action." *Brown v. Retirement Committee of Briggs & Stratton Retirement Plan,* 797 F.2d 521, 527 (7th Cir.1986). Thus, if a plaintiff seeks a legal remedy such as compensatory damages, the suit is characterized as a suit in "law." Conversely, if the plaintiff seeks an equitable relief such as an injunction, it is characterized as a suit in "equity." The Court, however, does not believe that the nature of the remedy sought by the Plaintiff conclusively characterizes the suit, which in turn determines whether she is entitled to a jury trial. The availability of the remedy sought under the statute should also be added to the calculus. *See e.g., Spinelli v. Gaughan,* 12 F.3d 853, 857 (9th Cir.1993) (Kozinski, J.) Logically, if the Plaintiff is only entitled to equitable remedies under the statute, there is no need for a jury trial. *A priori,* if only equitable remedies are available under a statute, an action brought pursuant to that statute cannot be characterized as a suit in "law" by definition.

 In other words, a trial by jury is available in suits enforcing legal rights, only if the statute provides for legal remedies. In contrast, unless Congress specifically provides otherwise, jury trials are not available when Congress creates a statutory scheme authorizing only equitable relief. *See Curtis v. Loether,* 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974); *Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820, 828 (7th Cir. 1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981).[10] Thus, the critical issue as to the availability of a jury trial under ERISA is whether § 502 of ERISA allows recovery of compensatory damages, and other legal relief.

Unfortunately, the Plaintiff does not specify under which subsection of § 502(a) she seeks to enforce her § 510 claim. More importantly, she does not state which subsection of § 502 entitles her to compensatory damages. Regardless, the Court finds that the Plaintiff is not entitled to a jury trial under the Seventh Amendment.

The Plaintiff, as a beneficiary, can enforce her § 510 claim only under § 502(a)(1)(B), or § 502(a)(3).[11] Regarding § 502(a)(1)(B), the Seventh Circuit has held that jury trials are

8. Plaintiff distinguishes cases denying a jury trial by stating that those cases dealt with a § 502 claim for wrongfully denied benefits, and not a suit for interference with those rights under § 510. But this distinction is of little value, seeing that remedies available under § 510 is exclusively limited to those provided under § 502. *See* 29 U.S.C. § 1140. Thus, the analysis under both sections is identical.

9. For cases holding that there is no right to jury trial under ERISA, *see Spinelli v. Gaughan,* 12 F.3d 853, 855–56 (9th Cir.1993); *Cox v. Keystone Carbon Co.,* 894 F.2d 647, 649 (3d Cir.1990); *Howard v. Parisian, Inc.,* 807 F.2d 1560, 1567 (11th Cir.1987); *Berry v. Ciba–Geigy Corp.,* 761 F.2d 1003, 1006–07 (4th Cir.1985); *Katsaros v. Cody,* 744 F.2d 270, 278–79 (2nd Cir.1984); *In re Vorpahl,* 695 F.2d 318, 321–22 (8th Cir.1982); *Calamia v. Spivey,* 632 F.2d 1235, 1238 (5th Cir.1980); *Thomas v. Allen–Stone Boxes, Inc.,* 925 F.Supp. 1316, 1321 (W.D.Tenn.1995); *Jones v. Crescent Metal Products, Inc.,* 864 F.Supp. 34, 36 (N.D.Ohio 1994); *Abels v. Kaiser Aluminum & Chemical Corp.,* 803 F.Supp. 1151, 1153–54 (S.D.W.Va.1992); *Miner v. Community Mutual Ins. Co.,* 778 F.Supp. 402, 404 (S.D.Ohio 1991).

For case holding to the contrary, *see Adams v. Cyprus Amax Mineral Co.,* 954 F.Supp. 1470

(D.Colo.1997); *Algie v. RCA Global Communications, Inc.,* 891 F.Supp. 875 (S.D.N.Y.1994); *Steeples v. Time Ins. Co.,* 139 F.R.D. 688, 693–94 (N.D.Okla.1991); *McDonald v. Artcraft Electric Supply Co.,* 774 F.Supp. 29, 35 (D.D.C.1991); *International Union, United Automobile, Aerospace and Agricultural Implement Workers of Am. v. Midland Steel Prods. Co.,* 771 F.Supp. 860, 865 (N.D.Ohio 1991); *Vicinanzo v. Brunschwig & Fils, Inc.,* 739 F.Supp. 882, 885 (S.D.N.Y.1990); *Blue Cross & Blue Shield of Alabama v. Lewis,* 753 F.Supp. 345 (N.D.Ala.1990); *Weber v. Jacobs Mfg. Co.,* 751 F.Supp. 21 (D.Conn.1990).

10. This presupposes that Congress can limit a court's ability to fashion a relief under a statutorily created cause of action. *See Spinelli v. Gaughan,* 12 F.3d 853, 858 (9th Cir.1993); *cf., McDonald v. Artcraft Electric Supply Co.,* 774 F.Supp. 29, 35 (D.D.C.1991) (holding that there is both a statutory and a constitutional right to a jury trial under ERISA, because Congress lacks constitutional authority to limit right to a jury). The Court agrees with the Ninth Circuit and holds that Congress can limit the types of remedies available under a statutory cause of action.

11. The Plaintiff does not allege violations of any other provision of ERISA.

not available because § 502(a)(1)(B) is equitable in nature. *See Sofo v. Pan–American Life Ins. Co.,* 13 F.3d 239, 243 (7th Cir.1994)(reaffirming *Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820 (7th Cir.1980)).[12] The Plaintiff admits that she is not entitled to a jury trial for benefits due under the plan. Thus, the only possible subsection that permits "legal" relief is § 502(a)(3).

The plain language of § 502(a)(3) does not support a reading that legal remedies are available under that section. In fact, the language supports the reading that only equitable relief is permitted. Congress used words such as "enjoin" and "appropriate equitable relief" to describe the remedies that are available under the subsection. Furthermore, the Supreme Court has ruled that compensatory damages and other legal remedies are unavailable under § 502(a)(3). *See Mertens v. Hewitt Associates,* 508 U.S. 248, 257–58, 113 S.Ct. 2063, 2069, 124 L.Ed.2d 161 (1993) (Scalia, J.)(refusing to read "appropriate equitable relief" to include compensatory damages). Therefore, even a suit based under § 502(a)(3) cannot possibly be labeled as a suit for "legal" remedy, because such remedy is unavailable under that section. *A fortiori,* a suit brought pursuant to § 502 via § 510 cannot be considered as "legal" in nature, and as such, the Seventh Amendment does not mandate a jury trial.

Accordingly, the Defendants' Motion to Strike Plaintiff's jury demand is allowed.

*Ergo,* Defendants' Motion to Dismiss Count II of Plaintiff's Amended Complaint and Demand for Jury Trial is DENIED in part and ALLOWED in part. Plaintiff's jury demand is dismissed as to Count II of the Amended Complaint.

---

**12.** In *Wardle,* the Seventh Circuit analyzed the statute and its history and concluded that "Congress' silence on the jury right issue," in conjunction with the statutory remedy's equitable nature, means that jury trials are unavailable in "suits for pension benefits by disappointed applicants." *Wardle,* 627 F.2d at 829–30. Jury trials are similarly unavailable in suits brought under section 502(a)(1)(B) for the denial of disability bene-

fits. *Brown v. Retirement Comm. Of Briggs & Stratton Retirement Plan,* 797 F.2d 521, 527 (7th Cir.1986). Therefore, the Seventh Circuit has unequivocally decided that jury trials are not available to plaintiffs who file suit pursuant to section 502(a)(1)(B), as such suits provide only equitable relief. *See Oil, Chemical & Atomic Workers' Int'l v. Amoco Corp.,* No. 93–C–5929, 1996 WL 563447, *2 (N.D.Ill.Sept.27, 1996).