896 F.Supp. 741 (1995)
Maxine WILKINSON
v.
SALLY BEAUTY COMPANY, INC.
No. 3:94-0338.
United States District Court, M.D. Tennessee, Nashville Division.
August 14, 1995.
*742 Joyce M. Grimes, Lackey, Rogers, Price & Snedeker, Nashville, TN, for plaintiff.
R. Eddie Wayland, Douglas Ray Pierce, King & Ballow, Nashville, TN, for respondent.

MEMORANDUM
JOHN T. NIXON, Chief Judge.
Pending before the Court is Defendant's Motion for Judgment on the Pleadings on Plaintiff's Claim for Punitive Damages (Doc. No. 45). Upon review of the record and for the reasons stated below, the Court denies the motion.

I. BACKGROUND
Plaintiff brings an age discrimination claim against her employer, Defendant Sally Beauty Supply, pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. and the Tennessee Human Rights Act ("THRA"), T.C.A. § 4-21-101, et seq.
Plaintiff contends that Brenda Barnes, the district manager at Defendant's store, refused to transfer Plaintiff into a permanent part-time position because of her age (she was sixty-seven at the time). Plaintiff alleges that she repeatedly asked for a permanent part-time position but was refused. She maintains that Ms. Barnes stated "Sally's cannot give you a permanent part-time job because of your age and leg problems." (Pl.'s Resp. in Opp. at 2). Further, Ms. Barnes is alleged to have stated Plaintiff should "retire and enjoy her life." Id. When Plaintiff sought a transfer to another store, Ms. Barnes allegedly replied "we [Sally's] couldn't possibly consider you at your age for a permanent position.... You're too old to be working, anyway." Id. Ms. Barnes terminated Plaintiff's employment on or about September 17, 1993.
At issue in this motion is Plaintiff's claim for punitive damages against Defendant under the THRA.

II. DISCUSSION
Plaintiff maintains that an action for punitive damages lies under T.C.A. § 4-21-101, et seq., by way of the inclusive language of T.C.A. § 4-21-311 and § 4-21-306. T.C.A. § 4-21-311(a) provides in relevant part:
Any person deeming such person injured by any act in violation of the provisions of the chapter shall have a civil cause of action in chancery court to enjoin further violations, and to recover the actual damages sustained by such person, together with the cost of the lawsuit, ... all of which shall be in addition to any other remedies contained in this chapter. (Emphasis added).
T.C.A. § 4-21-306(a)(8) provides in part "[a]ffirmative action ordered under this section may include, but it is not limited to ... [s]uch other remedies as shall be necessary and proper to eliminate all the discrimination identified by the evidence submitted at the hearing or in the record." (Emphasis added).
Plaintiff finds support for her proposition in the cases of Roberson v. University of Tennessee, 829 S.W.2d 149 (Tenn.Ct.App. 1992); Greer v. Sears, Roebuck & Co., 1992 WL 699465 (W.D.Tenn.) and; Wood v. Emerson Electric Co., 1994 WL 716270 (Tenn.Ct. App.1994).
Defendant maintains that punitive damages are not available under the THRA, relying in main part on England v. Fleetguard, Inc., 1995 WL 102702 (M.D.Tenn.). In England Judge Morton found an action for punitive damages could not lie under the THRA because the legislature had not specifically *743 enumerated that remedy under § 4-21-311. Judge Morton held:
The General Assembly's intent not to allow punitive damages under § 4-21-311 is further evidenced by the 1992 amendment, in which it expressly added the remedy of punitive damages, but limited its recoverability to victims of discriminatory housing practices [citation omitted]. The General Assembly could have granted the remedy to all victims of discrimination, but declined to do so.
Id. at, *6. The England court rejected the determination of Greer v. Sears, Roebuck & Co., 1992 WL 699465 (W.D.Tenn.), that punitive damages were recoverable under THRA, finding "[i]f the General Assembly intended punitive damages to be recoverable under § 4-21-306, it would have specifically listed them, rather than inferred their availability through a `catch-all' residuary clause such as § 4-21-306(a)(8)."
This Court respectfully disagrees with the analysis of England. In Greer the court interpreted § 4-21-302 to include a punitive damages award in a handicap discrimination claim. The court found "if punitive damages are necessary and proper to eliminate the discrimination, such damages are available to a plaintiff alleging violations of T.C.A. § 8-50-302." Id. at, *3.
In a similar vein, the Tennessee Court of Appeals recognized punitive damages under the THRA in Wood v. Emerson Electric, 1994 WL 716270 (Tenn.Ct.App., 1994). The plaintiff in Wood sought punitive damages against an employer on allegations of sexual harassment. The court found "[p]unitive damages are to be awarded only in the most egregious cases. Plaintiffs must show their entitlement by `clear and convincing evidence.'" Although the court did not award punitive damages to the Plaintiff in Wood it went on to enumerate the relevant criteria in evaluating punitive damages claims.[1] The decision of the Wood court makes clear that the Tennessee Court of Appeals does recognize punitive damages, albeit with a high burden of proof on the plaintiff.
Both Greer and Wood were decided after the legislature amended the THRA in 1992 to incorporate the "catch-all" language of § 4-21-306(a)(8), allowing plaintiffs a wider range of damages in discrimination claims. The analysis of Greer and Wood make clear that the 1992 amendments include punitive damage awards in the list of available remedies.

III. CONCLUSION
For the foregoing reasons the Court denies Defendant's Motion for Judgment on the Pleadings on Plaintiff's Claim for Punitive Damages.
An Order consistent with the reasoning set forth above is filed contemporaneously.
NOTES
[1] The court held "[w]hen the jury returns a verdict for punitive damages, the trial judge is instructed to review that punitive damage award, reconsidering all of the nine discrete matters on which the jury must be instructed. The trial judge must then set forth reasons for decreasing or approving a punitive damage award in discrete findings of fact and conclusions of law, demonstrating his consideration of the factors." Id. at, *17.