**Edna BEACH and Becky Poarch**

v.

**INGRAM & ASSOCIATES, INC.**

No. 3–94–0018.

United States District Court,
M.D. Tennessee,
Nashville Division.

May 16, 1996.

Carol Louise McCoy, Richard James Braun, Nashville, TN, for plaintiffs.

William N. Ozier, Nashville, TN, for defendant.

## MEMORANDUM

CAMPBELL, District Judge.

Pending before the Court are Defendant's Motion for Summary Judgment (Docket No. 54) and Plaintiffs' Response thereto (Docket No. 64).

Plaintiffs are former employees of Defendant who bring this action for sexual discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–2 ("Title VII"); the Civil Rights Act of 1991, 42 U.S.C. § 1981(a); and the Tennessee Human Rights Act, Tenn.Code Ann., § 4–21–101, et seq. and § 4–21–301, et seq.

Defendant has moved for summary judgment, alleging the following: (1) Plaintiffs cannot recover punitive damages under the Tennessee Human Rights Act; (2) Plaintiff Beach's Title VII claim is barred by her failure to file a timely claim with the Equal Employment Opportunity Commission; (3) Plaintiffs' claims under the Tennessee Human Rights Act are time-barred; (4) there was no constructive discharge of Plaintiff Poarch; and (5) Plaintiffs' claims do not constitute sexual harassment as a matter of law.

Because Defendant has failed to respond to Plaintiffs' Supplemental Statement of Uncontroverted Facts in accordance with Local Rule 8(b)(7)(d), the Court must and shall assume that Defendant does not dispute the 143 factual statements contained therein. For the reasons more fully explained below, Defendant's Motion for Summary Judgment is GRANTED as to the issue of punitive damages under state law and DENIED in all other respects.

As provided in Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202, 211 (1986). Of course, the court is to construe the evidence and all inferences to be drawn from it in the light most favorable to the nonmoving party. *Id.* at 255, 106 S.Ct. at 2513–14, 91 L.Ed.2d at 216.

■ The party seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 274 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989).

■ The Supreme Court concluded in *Anderson* that a dispute about a material fact is "genuine," within the meaning of Rule 56 only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2510, 91 L.Ed.2d at 211–12. Since the preponderance of the evidence standard is used in this determination, more than a mere scintilla of evidence in support of the non-moving party's position is required. *Id.* at 252, 106 S.Ct. at 2512, 91 L.Ed.2d at 214.

■ Once a motion for summary judgment has been made, "the non-moving party bears the responsibility to demonstrate that summary judgment is inappropriate under Rule 56(e)." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1349 (6th Cir.1991). The non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274; *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir.1989). While the disputed issue does not have to be resolved conclusively in favor of the non-moving party to defeat summary judgment, "sufficient evidence supporting the claimed factual dispute" must be shown, thereby re-

quiring resolution of the parties' differing versions of the truth by a jury or judge. *Liberty Lobby*, 477 U.S. at 249, 106 S.Ct. at 2510, 91 L.Ed.2d at 212; *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569, 592 (1968).

## PUNITIVE DAMAGES UNDER THE TENNESSEE HUMAN RIGHTS ACT

■ Plaintiffs seek punitive damages under both the state and federal statutes in this case. Defendant argues that there is no provision under the Tennessee Human Rights Act ("THRA") for recovery of punitive damages.

Remedies under the THRA are addressed in two sections, § 4–21–306 and § 4–21–311. Section 4–21–306 provides, in part, for the "payment to the complainant of damages for an injury, including humiliation and embarrassment, caused by the discriminatory practice, and cost, including a reasonable attorney's fee," Tenn.Code Ann. § 4–21–306(a)(7), and for "such other remedies as shall be necessary and proper to eliminate all the discrimination identified by the evidence submitted at the hearing or in the record." Tenn.Code Ann. § 4–21–306(a)(8).

Section 4–21–311 preserves additional remedies:

Any person injured by an act in violation of this chapter shall have a civil cause of action in chancery court. In such an action the court may issue any permanent or temporary injunction, temporary restraining order, or any other order *and may award to the plaintiff actual damages sustained by such plaintiff,* together with the costs of the lawsuit, including a reasonable fee for the plaintiff's attorney of record, all of which shall be in addition to any other remedies contained in this chapter. *In cases involving discriminatory housing practices, the court may award punitive damages* to the plaintiff, in addition to the other relief specified in this section and this chapter. In addition to the remedies set forth in this section, all remedies described in § 4–21–306, except the civil pen-

alty described in § 4–21–306(a)(9),[1] shall be available in any lawsuit filed pursuant to this section.

Tenn.Code Ann. § 4–21–311 (Supp.1995) (emphasis added).

In *England v. Fleetguard, Inc.,* 878 F.Supp. 1058 (M.D.Tenn.1995), the court examined the question of whether a victim of employment discrimination could recover punitive damages under the THRA. The *England* court held that punitive damages could *not* be recovered in an employment discrimination case under the THRA. *Id.* at 1063.

Noting that the 1992 amendments to the THRA specifically allowed recovery of punitive damages in cases of discriminatory housing practices, the *England* court stated: "If the General Assembly intended punitive damages to be recoverable under § 4–21–306, it would have specifically listed them, rather than inferred their availability through a 'catch-all' residuary clause such as § 4–21–306(a)(8)." *Id.*

The court continued:

The General Assembly's intent not to allow punitive damages under § 4–21–311 is further evidenced by the 1992 amendment, in which it expressly added the remedy of punitive damages, but limited its recoverability to victims of discriminatory housing practices. Tenn.Code Ann. § 4–21–311 (1994). The General Assembly could have granted the remedy to all victims of discrimination, but declined to do so. Accordingly, this court holds that punitive damages are unavailable under §§ 4–21–306 and 4–21–311 of the THRA.

*Id.*

In *Wilkinson v. Sally Beauty Co., Inc.,* 896 F.Supp. 741 (M.D.Tenn.1995), the court held

that punitive damages *are* recoverable under the THRA. Citing *Greer v. Sears, Roebuck & Co.,* 1992 WL 699465 (W.D.Tenn.)[2] and *Wood v. Emerson Electric,* 1994 WL 716270 (Tenn.Ct.App.1994),[3] the *Wilkinson* court stated that the analysis in those two cases makes clear that the 1992 amendments include punitive damage awards as available remedies under THRA. *Wilkinson,* 896 F.Supp. at 743.

Respectfully, this Court declines to follow the *Wilkinson* analysis. If the General Assembly had intended for punitive damages to be available for all claims under the THRA, then it could and should have said so. The statute at issue provides for the recovery of *actual damages,* except in the cases of housing discrimination claims. As the Tennessee Court of Appeals has found, "actual damages" include all damages *except* exemplary or punitive damages. *Taff v. Media General Broadcast Services, Inc.,* 1986 WL 12240 at *5 (Tenn.Ct.App. Nov. 3, 1986); *Gifford v. Premier Mfg. Corp.,* 1989 WL 85752 (Tenn. Ct.App. Aug. 1, 1989).

In both *Taff* and *Gifford,* the Tennessee Court stated: "The definition of 'damages' and 'actual damages' certainly excludes punitive damages, and it seems clear to this Court that if the Legislature intended to provide for some form of punishment, the act [THRA] would have done so specifically." *Taff,* 1986 WL 12240 at *6; *Gifford,* 1989 WL 85752 at *6.[4]

■ Importantly, the General Assembly's intent not to permit punitive damages in sex discrimination cases is also evidenced by the 1992 amendment, in which it expressly added the remedy of punitive damages but restricted punitive damages to discriminatory housing practices. Tenn.Code Ann. § 4–21–311

---

1. The civil penalty referenced applies only in cases of discriminatory housing practices. Tenn. Code Ann. § 4–23–306(a)(9).

2. In *Greer,* a handicap discrimination case, the Western District found that punitive damages fell within the provision for "such other remedies as shall be necessary and proper to eliminate all the discrimination identified by the evidence submitted at the hearing or in the record." Tenn.Code Ann. § 4–21–306(a)(8). *Greer,* 1992 WL 699465 at *3.

3. In *Wood,* the Tennessee Court of Appeals, Middle Section, did implicitly recognize punitive damages under the THRA, although it did not expressly address the question and it did not award punitive damages to the plaintiff. 1994 WL 716270 at *17.

4. *Taff* and *Gifford* were decided before the 1992 amendments, which, as noted above, specifically provided punitive damages for housing discrimination cases but did not mention punitive damages for any other claims.

(1994). It is a basic canon of statutory construction that the expression of one thing is the exclusion of another: "Expressio unius est exclusio alterius." Norman J. Singer, 2A *Sutherland Stat. Constr.*, § 47.23 (5th Ed.1992).

This Court agrees with those decisions which hold that punitive damages are not recoverable under the THRA for an employment discrimination claim such as the one at issue herein.[5] Accordingly, Defendant's Motion for Summary Judgment is GRANTED, in part, on the issue of punitive damages under the THRA.

### TIMELINESS OF PLAINTIFF BEACH'S TITLE VII CLAIM

■ Defendant contends that Plaintiff Beach's Title VII claim is barred by her failure to file a timely claim with the Equal Employment Opportunity Commission ("EEOC"). Defendant asserts that the last alleged discriminatory act occurred more that three hundred (300) days before Plaintiff's filing with the EEOC on June 23, 1993, and Plaintiff's claim is therefore barred.[6]

Defendant argues that the last act of sexual harassment alleged by Plaintiff Beach occurred on April 10, 1992. Plaintiff Beach disagrees and cites several examples of sexual harassment which continued beyond April 10, 1992. Defendant seems to contend, in its Reply, that Plaintiff Beach's testimony is not credible. Which testimony to believe is clearly a question for the jury.

Viewing the evidence in the light most favorable to the Plaintiff, as the Court must do, the Court finds that there is a genuine issue of material fact as to whether the sexual harassment alleged by Plaintiff Beach continued beyond April 10, 1992. Thus, Defendant's Motion for Summary Judgment on the timeliness of Plaintiff's Beach's EEOC claim is DENIED.

■ The Court notes that the theory of "continuing violation" will extend the time in

which an EEOC charge must be filed. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379, 102 S.Ct. 1114, 1125, 71 L.Ed.2d 214 (1982). Just as in *Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410 (10th Cir.1993), cited by Defendant, there is a genuine issue of material fact here as to whether Defendant engaged in a continuing course of sexual harassment in this case. *Id.* at 1416. Here, as in *Martin*, the jury will be free to evaluate all the factors as the evidence develops at trial. *Id.*

### TIME LIMITATIONS UNDER THE THRA.

■ Defendant contends that Plaintiff Beach's[7] claims under the Tennessee Human Rights Act are time-barred. Again, Defendant asserts that the last alleged discriminatory act occurred on April 10, 1992, and that Plaintiff's state law claim is therefore barred by the one-year statute of limitations found in Tennessee law. Tenn.Code Ann. § 28–3–104.

For the reasons stated above, the Court finds that there are genuine issues of material fact as to what discriminatory acts occurred after April 10, 1992, which might create a "continuing violation" of Plaintiff's rights. Therefore, Defendant's Motion for Summary Judgment on this issue is DENIED.

### CONSTRUCTIVE DISCHARGE.

■ Defendant asserts that Plaintiff Poarch voluntarily resigned and was not constructively discharged, as she claims. Plaintiff Poarch claims that she has established a prima facie case of constructive discharge by presenting evidence that the hostile and abusive work environment, and Defendant's condoning of such behavior, forced her to resign.

■ In this Circuit, the constructive discharge issue depends upon the facts of each case and requires an inquiry into the

---

**5.** *See also Cripps v. United Biscuit of Great Britain*, 732 F.Supp. 844 (E.D.Tenn.1989).

**6.** Filing of a timely charge of discrimination with the EEOC is a prerequisite to bringing a claim for discrimination under Title VII in federal court. *United Air Lines, Inc. v. Evans*, 431 U.S.

553, 554, 97 S.Ct. 1885, 1887, 52 L.Ed.2d 571 (1977).

**7.** Apparently, Plaintiff Poarch has withdrawn her state law claim. *See* Plaintiffs' Response to Defendant's Motion for Summary Judgment, p. 2.

intent of the employer and the reasonably foreseeable impact of the employer's conduct upon the employee. *Held v. Gulf Oil Co.*, 684 F.2d 427, 432 (6th Cir.1982). A finding of constructive discharge requires the determination that "working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Id.* (quoting *Bourque v. Powell Electric Mfg.*, 617 F.2d 61, 65 (5th Cir.1980)); *see also Henry v. Lennox Industries, Inc.*, 768 F.2d 746, 752 (6th Cir.1985). An employee can establish a constructive discharge claim by showing that a reasonable employer would have foreseen that a reasonable employee would feel constructively discharged. *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1249 (6th Cir.1989).

The Supreme Court has held that whether an environment is so "hostile" or "abusive" as to compel an employee to resign can be determined only by looking at all the circumstances. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993). "These [circumstances] may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.*

The Sixth Circuit has defined a two-part test for determining whether a constructive discharge exists:

> A finding of constructive discharge in this circuit requires an inquiry into both the objective feelings of an employee and the intent of the employer.... This court has previously held that "[p]roof of discrimination alone is not a sufficient predicate for a finding of constructive discharge; there must be other aggravating factors." ... We have also required some inquiry into the employer's intent and the reasonably foreseeable impact of its conduct on the employee.

*Yates v. Avco Corp.*, 819 F.2d 630, 636–37 (6th Cir.) (citations omitted). Here, the Court believes there are genuine issues of material fact as to the employer's intent and the reasonably foreseeable impact of its conduct on the Plaintiff.

Construing the evidence and all inferences to be drawn from it in the light most favorable to the Plaintiff, as the Court must do on this motion, the Defendant has failed to establish the absence of a genuine issue of material fact as to Plaintiff's constructive discharge claim. Plaintiff has presented evidence from which a jury could find that she resigned because of a hostile and abusive work environment. Plaintiff has presented evidence from which a jury could find that working conditions were so difficult or unpleasant that a reasonable person in her shoes would have felt compelled to resign.

For these reasons, there are genuine issues of material fact as to this issue, and Defendant's Motion for Summary Judgment on the issue of constructive discharge is DENIED.

### SEXUAL HARASSMENT.

The United States Supreme Court has held: "Title VII affords employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult." *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986). A plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment. *Id.* "For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of the [victim's] employment and create an abusive working environment." *Id.*

As noted above, the Court in *Harris* [8] held that whether an environment is so "hostile" or "abusive" as to compel an employee to resign can be determined only by looking at all the circumstances. *Harris*, 510 U.S. at 23, 114 S.Ct. at 371. The Court listed a

---

**8.** The Court finds it interesting that Defendant cites *Harris* to support its claim that the conduct alleged herein does not rise to the level of actionable sexual harassment, since the alleged conduct in this case appears far more "severe" and/or "pervasive" than that alleged in *Harris*, which the Supreme Court found to be actionable.

number of factors to consider in that determination (*see Harris,* at 23, 114 S.Ct. at 371).

Defendant asserts that the alleged conduct in this case was not based upon sex. The Court finds ample evidence of conduct explicitly based upon sex with which to allow that question to go to the jury. Defendant also contends that the conduct alleged in this case is not "severe." Viewing the evidence in the light most favorable to the Plaintiff, as the Court must do, it would be disingenuous to even suggest that the conduct complained of in this case is not severe.

For the same reasons that there are genuine issues of material fact with regard to Plaintiff Poarch's constructive discharge claim, there also exist genuine issues of material fact with regard to the Plaintiffs' allegations of sexual harassment. These questions are for the jury and cannot be the subject of summary judgment. Accordingly, Defendant's Motion for Summary Judgment is DENIED on the issue of sexual harassment.

## CONCLUSION

Defendant's Motion for Summary Judgment is GRANTED, in part, on the issue of punitive damages under the Tennessee Human Rights Act. In all other respects, Defendant's Motion for Summary Judgment is DENIED.

It is so ORDERED.